TATE, Justice
(concurring).
In the present instance, our state constitution limits judicial review to “the determination of whether the decision made by the board was made in good faith [and] for cause.” Louisiana Constitution Article XIV, Section 15.1(31) (1921, as amended).
This jurisdictional requirement is not met by a judicial finding that the appointing authority acted in good faith and for cause. The constitution delegates to the civil service board a degree of discretion, in its expertise, to classify factually whether action by the appointing authority constituted abolition of a classification (which requires the board’s approval) as contrasted with abolition of a position (which does not).
Absent a judicial determination that the board did not act in good faith and for cause, I cannot agree that the board was in error in finding as a fact that the appoint *465 ing authority had abolished a classification rather than a position.
I therefore concur in the majority opinion.